JAMES D. COLYER, RECEIVER OF THE BELVIDERE NATIONAL BANK, RELATOR, v. FRANK PIERSON, ALBERT L. SMITH AND THOMAS B. LANTZ, TOWNSHIP COMMITTEE OF THE TOWNSHIP OF WHITE, IN THE COUNTY OF WARREN AND STATE OF NEW JERSEY, DEFENDANTS.

Submitted October 14, 1933—Decided February 15, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices TRENCHARD and HEHER.

For the relator, *Charles B. Brady*.

For the defendants, *Roseberry & Son* (*Joseph M. Roseberry*, of counsel).

PER CURIAM.

This case was noticed for argument before Part II. It was not argued there, but upon the theory that it had been submitted on briefs, it came to Part I in the distribution of brief cases.

Our examination of the records shows that it was not regularly submitted on briefs.

A case may be submitted on briefs without oral argument, according to rule 155 of the Supreme Court: (1) "by written stitpulation" and that certainly was not done; (2) "by consent in open court," and that does not appear to have been done, the plain indication being to the contrary.

The only other way in which a case may be submitted on briefs under rule 155.is (3) "by filing five copies of the state of the case and of the briefs *on both sides* with the sergeant-at-arms within ten days of the first day of the term." This was not done, since the respondents filed no brief. True, the relator submitted a state of the case prepared by him, and his brief, to the sergeant-at-arms, with copies thereof, within ten days of the first day of the term; but as we have indicated the respondents did not submit any brief to the sergeant-at-arms, but on the contrary, filed objection to the argument.

Now rule 155 further provides that "unless the briefs on both sides are filed within the time limited, the cause will not be considered."

In these circumstances it seems apparent that this case, involving not only important private interests, but also the interests of the public as represented by the municipality, should not be considered at this time in view of the situation of the matter, especially in view of the objection of the respondents.

Of course the relator is at liberty to bring the case on properly, according to rules, either for oral argument or on briefs, at the next term of the court.

No costs to either party as against the other are allowed at the present time.